**Mirash BUNJAJ, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 06–0639–ag.

United States Court of Appeals, Second Circuit.

Feb. 6, 2007.

Russell Abrutyn (Sunit K. Joshi, Justin D. Parsons, Joshi & Associates, PC, New York, New York on the brief), Troy, MI., for Petitioner.

Melissa Neiman–Kelting, Office of Immigration Litigation (Deborah J. Groom, Assistant United States Attorney, for Robert C. Balfe, United States Attorney for the Western District of Arkansas, Fort Smith, Arkansas on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. WILLIAM H. PAULEY III, District Judge.*

## SUMMARY ORDER

Mirash Bunjaj petitions for review of the January 23, 2006 order of the BIA affirming the October 1, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz, denying his application for asylum, withholding of removal, and relief under the Convention against Torture ("CAT"). *In re Mirash Bunjaj,* No. A 79 318 110 (B.I.A. Jan. 23, 2006), *aff'g* No. A 79 318 110 (Immig. Ct. N.Y. City Oct. 1, 2004). Familiarity with the facts and the procedural history of the case is presumed.

Where, as here, the BIA adopts and affirms the IJ's decision, this Court reviews the decision of the IJ as if it were that of the BIA. *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 & n.

7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

■ The IJ pretermitted the petitioner's asylum application because the petitioner failed to establish by clear and convincing evidence that his asylum application was filed within one year of his entry into the United States. As the petitioner concedes in his brief, because this ruling presents neither a "constitutional claim[ ]" nor "question[ ] of law," we lack jurisdiction to review the denial of asylum. 8 U.S.C. § 1252(a)(2)(D); *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 154–55 (2d Cir.2006).

■ Turning to the withholding of removal and CAT claims, we find that the IJ's adverse credibility finding was supported by substantial evidence. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). As the IJ noted, Bunjaj and his wife offered inconsistent testimony regarding how long he lived at home after allegedly being released from prison in March 2000. The IJ also found that Bunjaj's testimony was generally "vague and devoid of detail," and noted in particular his failure to describe the content of the allegedly threatening letters he received, the sparse documentation presented in an effort to prove his identity, and his inability to provide any context for

---

* The Honorable William H. Pauley III, of the United States District Court for the Southern District of New York, sitting by designation.

**12**

an article supporting his claims that purportedly appeared in an Albanian newspaper. Given the specific concerns identified by the IJ, a reasonable adjudicator would not be compelled to conclude otherwise. *Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005); 8 U.S.C. § 1252(b)(4)(B).

For the foregoing reasons, the petition for review is **DENIED**.